UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| WASTE FACILITIES OF LAFAYETTE, L.L.C. | CIVIL NO. 6:12-00722 (LEAD) C/W 6:12-0851 (MEMBER) |
| v. | JUDGE RICHARD T. HAIK, SR. |
| LAFAYETTE CONSOLIDATED GOVERNMENT | MAGISTRATE JUDGE C. MICHAEL HILL |

### JOINT MOTION FOR CONSENT JUDGMENT OF DISMISSAL

NOW INTO COURT, through undersigned counsel, come Plaintiff, Waste Facilities of Lafayette, LLC ("Waste Facilities"), and Defendant, Lafayette City-Parish Consolidated Government ("LCG"), and jointly submit the following Joint Motion for Consent Judgment of Dismissal, and with respect represent as follows:

Movers have reached a full and final settlement of all claims in the captioned matter between them, without an admission of any liability or fault by any party for any purpose. Accordingly, Movers respectfully request that all of the claims asserted by Waste Facilities in the above-captioned lawsuit against LCG be dismissed, with prejudice, including all of the claims in the main demand and all amendments and supplements to the foregoing, with each party to bear its own costs.

Additionally, this Court has the authority to enforce Judgments against state government entities under Article VI, cl. 2 of the U.S. Constitution, the Fourteenth Amendment to the U.S. Constitution, as well as 42 U.S.C. §1981, *et seq*, and Fed.R.Civ.P. 69 and 70, as recognized by the U.S. Fifth Circuit Court of Appeals.[1] As

---

[1] *See e.g., Bowman v. City of New Orleans*, 914 F.2d 711 (5th Cir. 1990) (affirming district court's enforcement of consent judgment against City of New Orleans via writ of execution permitting plaintiffs to seize the City's bank account); *Gary v. State of Louisiana*, 622

part of this settlement, LCG wishes to avoid interference with its functions as a governmental body and its day-to-day programs and operations due to the enforcement and/or collection of any judgment herein. This is a settlement of Waste Facilities' claims asserting an unconstitutional taking of a building permit for a solid waste transfer facility arising out of LCG Ordinance 0-263-2011, the stated purpose of which was to address threats to the health, safety and welfare of the citizens of Lafayette Parish, expressly including such threats that are posed by, among other things, insects such as roaches, mosquitoes, and other arthropods. LCG represents that it has an established fund created by the electorate for the express purpose of "the eradication, abatement or control of mosquitoes and other arthropods of public health importance." LCG further represents that the stated purpose of this fund, designated as LCG Fund #271 and titled the "Mosquito Abatement and Control Fund," encompasses the purposes expressed by the Lafayette City-Parish Council in its passage of LCG Ordinance O-263-2011. In order to avoid interference with its functions as a governmental body and its day-to-day programs and operations due to the enforcement and/or collection of any judgment herein, LCG consents to the attached Judgment ordering payment of the settlement funds out of LCG Fund #271.

Accordingly, LCG therefore further moves that this Court, in an effort to facilitate the timely payment of settlement funds and dismissal of this suit, order and direct that

---

F.2d 804, 806-807 (5th Cir. 1980), *cert. denied*, 450 U.S. 994 (1981) (affirming district court's authority to issue writ of fieri facias to seize property of Louisiana Department of Health and Human Resources to satisfy federal judgment); *Collins v. Thomas*, 649 F.2d 1203, 1206 (5th Cir. 1981), *cert. denied*, 456 U.S. 936 (1981) (affirming district court's authority to enforce federal judgment against Dallas County pursuant to district court's judgment approving settlement and ordering attorneys' fees and costs); *Gates v. Collier*, 616 F.2d 1268 (5th Cir. 1980) (upholding district court's authority to enforce federal judgment against state entity by ordering state treasurer to satisfy judgment out of funds within treasurer's control).

LCG pay the settlement funds to Waste Facilities out of LCG Fund # 271.

WHEREFORE, Defendant, LCG, prays that this Court, in an effort to facilitate the timely payment of settlement funds, order and direct that LCG pay the settlement funds to Waste Facilities out of LCG Fund # 271, and Plaintiff, Waste Facilities, and Defendant, LCG, pray that, upon payment, all of the claims by and between them in the above-captioned lawsuit be dismissed, with prejudice, including all of the claims in the main demand and all amendments and supplements to the foregoing, with each party to bear its own costs.

Respectfully submitted,

/s/ Henry C. Perret, Jr.
HENRY C. PERRET, JR. - #10514
JUDE C. DAVID - #34507
Perret Law L.L.C.
1200 Camellia Blvd., Suite 220
Lafayette, LA 70508
Telephone: 337-593-4900
Facsimile: 337-593-4910
Attorneys for Waste Facilities of Lafayette, LLC

/s/ Cliffe E. Laborde III
CLIFFE E. LABORDE III - #8062
BRANDON W. LETULIER - #28657
ROBERT E. TORIAN - #18468
Laborde & Neuner
One Petroleum Center, Suite 200
1001 West Pinhook Road
Lafayette, LA 70505-2828
Telephone: 337-237-7000
Facsimile: 337-233-9450
Attorneys for Lafayette City-Parish Consolidated Government

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been forwarded to all counsel of record via the Court's electronic mail system.

Lafayette, Louisiana, this 20th day of February, 2013.

/s/Cliffe E. Laborde III
COUNSEL